UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO ROSETE, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CALIFORNIA BORDER PATROL,<br><br>　　　　　　　　　　Defendant. | Case No.:  22-cv-89-GPC(AGH)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Plaintiff Ernesto Rosete, proceeding pro se, filed a form complaint against an agent of Defendant California Border Patrol.  (Dkt. No. 1, Compl.)  He also filed a motion to proceed in forma pauperis.  (Dkt. No. 2.)  Based on the reasoning below, the Court GRANTS Plaintiff's motion to proceed in forma pauperis and sua sponte DISMISSES the action for failure to state a claim.

**A.	Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

1

prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted a form application and declaration stating that he has not received any income during the past twelve months except a $110 check from a class action settlement. (Dkt. No. 2 at 1.[2]) He does not have any cash or bank accounts. (*Id.* at 2.) He owns a 2016 Toyota Scion and has no monthly living expenses and no debts. (*Id.*) Based on these facts, the Court concludes that Plaintiff has demonstrated an inability to pay the filing fee and GRANTS Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the

---

[2] Page numbers are based on the CM/ECF pagination.

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1138 (9th Cir. 2012).

Here, Plaintiff alleges federal question jurisdiction and seeks $100,000. (Dkt. No. 1, Compl. at 3-4.) He claims he was wrongfully imprisoned and discriminated based on his ethnicity under 42 U.S.C. § 1983, asserts that the alleged incident occurred in Chula Vista but is unaware of the date and time of the alleged incident because the agency refuses to disclose such information. (*Id*. at 4-5.) He further maintains the charges were dismissed but damages are ongoing because he has been defamed and is unable to obtain unemployment or attend school. (*Id*. at 5.)

These allegations do not plausibly allege a cause of action under 42 U.S.C. § 1983. Plaintiff has failed to allege both that he was deprived of a right under the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. Moreover, Plaintiff has failed to satisfy Rule 8's short and plain statement of the claim standard by failing to provide facts to support a cause of action for wrongful imprisonment by Defendant. Accordingly, the Court, *sua sponte*, DISMISSES the complaint for failing to state a claim.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's motion to proceed in forma pauperis and sua sponte DISMISSES the complaint for failure to state a claim. In the event Plaintiff seeks to file an amended complaint, he must do so no later than **April 1, 2022**.

**IT IS SO ORDERED.**

Dated: March 8, 2022

Hon. Gonzalo P. Curiel
United States District Judge